C-hie justice Robertson
delivered the Opinion'óf the Court.
This is a writ of error, prosecuted by James Taylor, to reverse an order of the county court of Campbell, declaring that the said James Taylor had lorfeited and vacated his office of clerk of the said county court, by accepting the commission of paymaster of the army of the United States, and therefore, appointing John N. Talliaferro,clerk,pro :tempore, to fill the supposed vacancy in the office.
The appointment of a clerk^ is not, strictly speak+ ing, a judicial act. Appointment to office is intrisi-“EXECUTIVE.”
And, although the constitution has confided to the courts the appointment of their own clerks, still the nature of the power is not changed. It is essentially executive, whensoever, or by whomsoever it may be exercised. It is as much executive when exercised by a court as by the governor. It is the prerogative ■of appointing to office, and is of the same nature., whether it belong to a court or to a governor.
The appellate jurisdiction of this court is judiciaU We can revise that only which is judicial*.
Neither a writ of error, nor an appeal will lie to this court, to reverse or nullify any executive appointment, or other executive act. If the governor make an illegal appointment, or if any other depository of any portion of the executive functions of government, act irregularly or illegally in the exercise of its appointing power, the appointment cannot be set aside by a direct appeal to this court; nor can an incumbent who may have been illegally or unjustly supplanted by the unauthorized appointment of a successor, rectify the error, and procure his reinstatement, by writ of error, or appeal to this court, to reverse the order, appointing the successor or superseding himself.
Appointment ofol'Tk when no vacancy, is illegal.
To appoint to an office, which had been before filled, implies that it had become vacant; and whether the vacation of the office be thus inferred, from the fact of mailing a new appointment to if, or be expressly declared by the. appointing authority as the reason for such appointment, cannot be essential.
The question is in effect, still tin- same, and that is, whether or not the appointment be legal ¡wd valid? If the appointment be valid, there was a vacancy.
If there were no vacancy, the appointment was unauthorized. It was the duty ol the manly court, to appoint a clerk, whenever, in its opinion, it was without a legal clerk. If it erred in its opinion, Taylor may have redress, but not by writ of error, to set aside the order of the county court.
There has been no judicial proceeding against him for trying his right to the clerkship; nor for removing him from the office.- He could be removed only by this court.
If the county court had made an order, declaring thal he should not act as ifs clerk, because it deemed Inin not its clerk, he could maintain no writ of error to reverse such order.
There has been no attempt to remove Taylor from .office, for any alleged malfeasance or other cause for a motion. The county court only proceeded on the' hypothesis, that he was out of office.
If then, an appointment of a clerk, be, as we have supposed it must be, the exorcise of an executive function, and is, therefore, as purely an executive act, as if it had been performed by the governor, (which is the necessary consequence of its being executive*,) it necessarily follows, that, a writ of error cannot be prosecuted by Taylor, to reverse either the order declaring that he had vacated the office of clerk, or that appointing Talliaferro his successor.
When the governor makes an appointment to fill a supposed vacancy, if there were no such vacancy, his error is executive simply. So if a court appoint a clerk, supposing m d declaring that the clerk-rip had become vacant, when in fact, or in law, there *403 was no vacancy, the error is executive, and not judi cial. Tiie inferior courts have no power to remove their clerks, laylors removal from oirice has been attempted in this case. '1'he county court has acted on the fact, or the assumption of the fact, that he was not in office. The court had the right to ap-pointa clerk, whenever it had no clerk.” In determining th.it there was no clerk, and appointing o’ne, it acted in its executive, and not in its judicial character.
The governor possesses the general appointing power. The courts have thn special power of appointing their own clerks. Neither the governor nor a court can rightfully exercise the povver of appointment to an office unless it be vacant; and if either should arrogate the power or exercise it through a mistake of law or fact, this court would have no more right to revise the error of the one, than that of the other. In neither case fas has been-observed) is it material whether it be expressly declared or decided that the office was vacant, because by appointing a successor, it is,necessarily implied, that the appointing power had determined that there was a vacancy.
Whether, therefore, the county court had simply appointed Talliaferro its clerk, or had, as a reason for appointing him, also first declared that Taylor had surrendered or forfeited the office, by the acceptance of another incompatible with it, the act-of the court is, in legal effect, the same. Therefore, if Tavlor can maintain a writ of error to the order, declaring that he was not the clerk, he might ‘-pari rationed prosecute the like writ, to reverse the order appointing Talliaferro, clerk, or “lotidem verbis,” that the office had become vacant.
Talliaferro cannot be the legal clerk, unless Taylor had forfeited or abandoned his precedent right to the office. Consequently, the direct object of this writ of error is to ascertain, by the judgment of this court, whether Taylor or Talliaferro is the rightful clerk, by procuring either a reversal or an affirmance of the order, appointing Talliaferro. The whole inquiry therefore, is resolved info one single question, was the appointment of Talliaferro legal?
Appointment of ciork, by county court, isnojudg-rnentor de"cree.
Jn every writ of error or udgment, must bo actor -\nd .reus.
.inferior courts have no power to remove their clerks.
Writ of error will not lie to order of county court, displacing guardian. Because, act of court is eajec-,«<(iw,
In appointing Talliaferro its clerk, and in assigning the reason for doing so, the county court pronounced no judgment nor decide,. It is true, that in making this, as well as every other appointment to office, a decision that the office was vacant, is necessarily implied, if not expressed: but this is the opinion of the executive understanding, and not the judgment of the’ judicial mind. And what other tribunal had any right to make the appointment, or to direct when it was proper pr necessary to make it.?
In every writ of error, as well as judgment, there must be both ‘‘actor” and ureus.” In such a ease as this, there can be only one party. There has been no trial between Tailor and Talliaferro. No issue! has ever yet been made up between them, to try their respective rights to the clerkship. Talliaferro, therefore, is not and could not be a party in the county court, nor here. The justices of the county court could not be made defendants here, because they acted officially, and there is no law subjecting them to the liabilities of parties in their own court, or to a writ of error to this court, to revise their acts. The commonwealth cannot bé a party, unless it would be proper to make her a party in all cases involving the validity of the acts of her executive or judiciary department.
Beal, who made the motion to appoint a clerk, should not be a party: his motion did not change the nature nor the effect of the act done by the court. It was not a proceeding against Taylor for his removal from office, and the order made was not a judgment of amotion. Over such a matter the county court had no jurisdiction. If the office had not been vacated, the order of the court did not remove Taylor, and the declaration to the court, that it was vacant, was only intended to shew why an appointment was made.
In the case of Peat vs. Alloway II. Bibb, 555, this court decided that a writ of error would riot lie, to revise the order of a county court, displacing a guardian, because the act of the court, in such case i.s executive.
If court ap--poinl °.lerk’ cWk&hipto be vacant, lvhe” th®ro 13 error is execu~ cial."0t^udi_
In England, a writ of error was not allowable, to revise the order of the ordinary granting letters- of administration. A mandamus was the only remedy. But in this country, the county courts act judicially, in the probate of wills and in the granting of administration. The laws define what shall be valid testaments, and declare what shall be the mode and effect of their probate. They also vest in certain individuals the rights of administration. The coünty courts have not a discretion to appoint whomsoever they may deem most fitting; their choice is circumscribed arid controlled by law. In the probate of wills, and in the grant of letters of administration, therefore, the eounfy courts adjudicate, and the rights, which may be affected by their decisions, in such cases, are probate rights.
But in such a case as the one now before this court the law does not give to any one individual, any precedent or exclusive right to the office. The office is created for the public good.
In conferring it, the only power which is exerted, is executive; and in every determination, whether expressed or only implied, incidental to the appointment, there was no display of any attribute of a judgment of a court, on the private rights of opposing individuals. .
The conclusion seems to be fair and difficult to resist, that this court has no jurisdiction of this writ of error. There is no power to adjudicate on the order of the county court, in a direct proceeding to reverse it. The only authority which this eourt could exercise over the act of the county court, is incidental to its appellate jurisdiction overanyjudgment, which may be rendered in judicial proceeding, by suit or otherwise, to try the right to the clerkship. Such remedies, the party complaining, may resort to; and if he has been injured, they may afford him the appropriate redress. These remedies are threefold:
1st. A quo warranto to try the right of Talliaferro to the office.
2d. A mandamus to the county court, to restore-Taylor, if he be the clerk, lide jure”
*406 3d. An action on the case for disturbance, or for the fees which may have been collected by Tallia-ferro.
The quo warranto is a public writ, allowed by the common law; but a decision upon i(, as to the right of the actual incumbent, does not, if it be against him, directly and necessarily restore to the office, another claimant.
The mandamus may restore the complaining claimant; but the incumbent is not a party to it; it is directed to the court. .
For these reasons, as well as because the quo war-ranto and mandamus have become almost obsolete by .disuse. Although they are legal remedies in such a case as this, the action on the case is the most usual,the most appropriate, and the most effectual remedy. I. Modern, 122; II. Ib. 260; Jacob, title Office, 438.
But to shew that either a quo warranto and mandamus to the county court, might be sanctioned. See I. Bla. Com. 110; Rex vs. Baker, III. Burrows, 1267; Same vs. Banks, Ib. 1452; Smith vs. Dyer, I. Call. 562; Dew vs. judges of the Sweet Springs, III. Hen. and Mun. 1. Some of these authorities, and especially the case in Henning and Munford, tend strongly to shew that this writ error will not lie. For it is a general maxim, that a mandamus will not be. issued when there is any other direct and “specific” remedy. Ba. Ab. tit. Mandamus, A.
A more specific and effectual remedy could not be devised, than a writ of error .to reverse the-order of the court in Virginia, appointing a clerk, and therefore, it is to be inferred, from the reasoning and the decision of the court of appeals of Virginia, in III. Hen. and Mun. that it was the opinion of that court, that a writ of error to set aside the appoiniment, or-reslore the complaining party, could not have been, prosecuted.
Besides, in the Virginia case, the court had appointed a clerk, and afterwards another was appointed, on the ground, that the first was not the clerk. He procured the mandamus. Now as a mandamus cannot issue to revérse or change a judgment, or judi- *407 via!, or Order Opinion, it results that the court of appeals of Virginia, considered the whole proceeding ns merely executive.
sanation of paymaster of U-S. army is .””0^tanoe<I 0fit, by clerk of county court, will vacate his °Lrkship,
Crittenden, Hoggin, Mills and Brown, for plaintiff; JRichardson and Marshall, for defendant.
If, in the pursuit of redress by Taylor in an appropriate mode, a case should bo properly brought 'to this court, we should, in deciding it, necessarily decide the incidental que-tion, whether Taylor had vacated the office of clerk when Talliaferro w,;is appointed. If case should be. brough1, (and it is certainly the preferable remedy) the title to the office might be put in issue and tried, as the title to land may be, uid frequently has been tried in actions of trespass, if Tavlor had not vacated the office, he would be entitled to a verdict. If he had vacated it, by the acceptance of the office of United States paymaster, he could not obtain a verdict.
As we are of opinion that we cannot take cognizance of this writ of error, because its direct object is to nullify an executive act, and not to reverse a judicial decision of the county court, it is not only unnecessary, but would be improper, to express any opinion on the various points embraced in the range of the argument-of the counsel.
We will observe only, that the situation of paymaster of the United Slates army is an office; and that that of clerk of a county court, is likewise an office. They are, of course incompatible ; and, therefore, the acceptance of the former would, ipso fado, vacate the latter. -
If there shall be any further controversy about the office, the parties and their counsel, may, without any extraordinary research, ascertain the whole of the law which must bear on the case in all the attitudes which it can assume.
In tho meantime, whatever may be the final result, the official acts of Taylor before Tailiaferro’s appointment, and of Talliaferro since, will be as valid as if they had both been clerks, ‘Vie jwe.”
The writ of error is dismissed.